Filed 1/15/15  P. v. Boatner CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BORIS EARL BOATNER,<br><br>    Defendant and Appellant. | B255306<br><br>(Los Angeles County<br>Super. Ct. No. BA417949) |

THE COURT:[*]

Boris Earl Boatner, appeals from the judgment entered following a jury trial that resulted in his conviction of second degree robbery (Pen. Code, § 211)[1] during which a principal was armed with a firearm (§ 12022, subd. (a)(1)).  The trial court sentenced appellant to six years in state prison comprised of the high term of five years for the robbery plus a one-year enhancement for the firearm allegation.

We appointed counsel to represent appellant on appeal.  After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.  On October 6, 2014, we advised appellant that he had 30 days within which to personally

---

[*]    BOREN, P.J., ASHMANN-GERST, J., HOFFSTADT, J.

[1]    All further references to statutes are to the Penal Code, unless stated otherwise.

submit any contentions or issues which he wished us to consider. No response has been received to date.

Appellant's conviction was based upon the following facts: On October 31, 2013, at approximately 3:30 a.m. Kevos Walker was in the front seat of a parked cab, engaged in an act of prostitution with the driver. An individual approached the cab and opened the driver's door. The cab driver quickly closed the door. The individual called out to appellant, who approached the cab; pointed a gun at Walker and the cab driver; and demanded money. Walker believed the gun was silver or black and "looked like [] a .25." Walker threw $80 out the cab window and one of the robbers picked it up. Walker saw a black car with a female driver parked near the cab. She had seen the same car and driver earlier in the day circle the area where she and other prostitutes worked. The cab driver backed the cab up and drove away.

At approximately 4:15 a.m. that same morning, police officers stopped a black sedan that fit the description of the robbery suspect vehicle. There were four occupants in the vehicle; the driver was a woman, and appellant was one of the two rear seat passengers. A search of the vehicle uncovered a silver .25-caliber semiautomatic pistol wedged into a seam in the back of the front passenger seat. Appellant was arrested and a booking search disclosed $90, on his person.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

2